IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE CHAMBERS,  :
:
    Petitioner  :
:
v.  :  CIVIL NO. 3:CV-15-653
:
WARDEN TREVOR WINGARD,  :  (Judge Conaboy)
:
    Respondent  :

FILED SCRANTON
APR 1 4 2015
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Maurice Chambers, an inmate at the State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset). The required filing fee has been paid. Named as Respondent is SCI-Somerset Superintendent Trevor Wingard.

Following a jury trial in the Luzerne County Court of Common Pleas, Chambers was convicted of second degree murder, robbery, and two (2) counts of criminal conspiracy.[1] On December 5, 1997, Petitioner was sentenced to a term of life imprisonment.

By Memorandum dated May 20, 1999, the Superior Court affirmed Petitioner's conviction and sentence. See Commonwealth

---

[1] During a drug transaction involving the purchase of one (1) ounce of marijuana, Chambers shot the victim Paul Garman in the back of the head. Following the shooting, a large bag containing marijuana was taken from the residence.

1

v. Chambers, 742 A.2d 201 (Pa. Super. 1999)(Table). A request for allowance of appeal was subsequently denied by the Pennsylvania Supreme Court. See Commonwealth v. Chambers, 749 A.2d 466 (Pa. 2000)(Table). Thereafter, the United States Supreme Court denied Chambers' petition for writ of certiorari. See Chambers v. Pennsylvania, 531 U.S. 853 (2000).

Chambers then sought relief under Pennsylvania's Post Conviction Relief Act (PCRA).[2] The trial court denied the PCRA petition on June 12, 2003. The Superior Court likewise denied relief. See Commonwealth v. Chambers, 852 A.2d 1197 (Pa. Super. 2004). The Pennsylvania Supreme Court denied a petition for allowance of appeal. See Commonwealth v. Chambers, 871 A.2d 188 (Pa. 2005)(Table).

Petitioner next filed a petition for federal habeas corpus relief pursuant to § 2254 with this Court. See Chambers v. Rozum, Civil No. 3:CV-05-1634. Therein, Chambers claimed entitlement to federal habeas corpus relief on the grounds that: (1) the underlying criminal indictment only set forth a general

---

[2] One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

count of homicide and failed to allege every element of second degree murder in violation of the principles announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Jones v. United States, 526 U.S. 227 (1999); (2) under the Apprendi and Jones standards, the insufficient criminal indictment as described above caused Petitioner's sentence to be improperly enhanced to a term of life imprisonment; (3) Chambers' robbery conviction violated due process in that he was charged with the robbery of an illegal substance; (4) since the evidence established that there was no theft, the robbery conviction and second degree murder convictions are unsupported. By Memorandum and Order dated October 26, 2006, this Court denied Chambers' prior § 2254 petition on the merits.

Petitioner asserts that he sought PCRA relief for a second time in 2007. See Doc. 1, ¶ 11. His petition was dismissed as being untimely on October 20, 2009. See Doc. 2, p. 8. The Pennsylvania Superior Court affirmed the dismissal. See Commonwealth v. Chambers, 11 A.3d 1026 (Pa. Super. 2010). The pennsylvani Supreme Court denied Petitioner's appeal. See Commonwealth v. Chambers, 21 A.3d 1189 (Pa. 2011).

Chambers sought PCRA relief for the third time in an action which was filed on April 24, 2012 and dismissed on December 10, 2012. See id. at p. 9. The Pennsylvania Superior quashed an

appeal as being untimely and his petition for allowance of appeal was denied by the Pennsylvania Supreme Court on October 17, 2013. See Commonwealth v. Chambers, 77 A.3d 1258 (Pa. Super 2013).

Petitioner filed a fourth PCRA action which was dismissed as untimely on March 17, 2014. See Doc. 2, p. 24. The Pennsylvania Superior Court affirmed that decision on October 7, 2014. See id. A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on February 17, 2015. See id. at p. 22.

In his pending second § 2254 action Petitioner argues that he is entitled to federal habeas corpus relief because the jury was not given an instruction on the charge of theft by unlawful taking. See id. at ¶ 12. In support of his claim Petitioner relies in part on Alleyne v. United States, 133 S.Ct. 2151 (2013).[3]

### Discussion

28 U.S.C. § 2244(a) and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for

---

[3] Alleyne held that any fact that increases the mandatory minimum sentence is an element which must be presented to the jury and proven beyond a reasonable doubt. The Third Circuit Court of Appeals has held that Alleyne cannot be retroactively applied to cases on collateral appeal. See United States v. Winkelman, 746 F. 3d 134, 136 (3d Cir. March 26, 2014).

4

determination as to whether second or successive § 2254 habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention). Rule 9(b) of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3)and (4).

Section 2244(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Chambers clearly filed a prior § 2254 action, Civil No. 3:CV-05-1634, in this district court regarding the same conviction and sentence which is the subject of his pending action. Since all of the claims raised in Chambers' earlier's § 2254 action were addressed and denied on their merits, the pending matter is clearly a second or successive petition.

The pending Petition fails to show that Chambers' instant claim falls within the statutory exceptions for pursuing a second or successive habeas corpus petition.

There is also no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit. Given those circumstances, under the standards announced in McCleskey and the requirements set forth in § 2244(a), Chambers' pending case is a second or successive petition which cannot be entertained by this Court. An appropriate Order will enter.[4]

_____
RICHARD P. CONABOY
United States District Judge

DATED: APRIL 14th, 2015

---

[4] Petitioner if he so chooses may file an application for leave to file a second or successive habeas corpus petition with the United States Court of Appeals for the Third Circuit.